After an extensive inquiry, the court properly denied defendant's day-of-trial request for the appointment of substitute counsel. Despite a suitable opportunity to be heard, defendant did not establish good cause for his belated request (*see People v Linares*, 2 NY3d 507, 510-512 [2004]).

Defendant's evidentiary claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

■ In the Matter of BRITTANY ANNETTE M., a Child Alleged to be Permanently Neglected. DANIELLE McC., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent. [930 NYS2d 445]—

The mother's motion to vacate her default was properly denied because she failed to present a reasonable excuse for her failure to appear for the fact-finding and dispositional hearings and a meritorious defense to the petition to terminate her parental rights (*see Matter of Gloria Marie S.*, 55 AD3d 320 [2008], *lv dismissed* 11 NY3d 909 [2009]; *Matter of Kristen Simone V.*, 30 AD3d 174 [2006]). The mother did not present an affidavit in support of her claimed excuses for failing to appear for the hearings, after a pattern of missing prior court appearances, nor did she present any evidence to refute the agency's showing of permanent neglect. She also failed to refute the evidence establishing that termination of parental rights is in the child's best interests (*see Matter of Gloria Marie S.* at 321). Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORESTES MONTES, Appellant. [932 NYS2d 20]—

Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG MAGNUM, True Name CRAIG MANGUM, Also Known as CRAIG GAINES, Appellant. [930 NYS2d 445]—

The court properly declined to submit robbery in the third degree as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater. The victim was certain that defendant displayed what appeared to be a pistol, and there was no identifiable record basis upon which the jury might have reasonably differentiated between segments of the victim's testimony (*see People v Negron*, 91 NY2d 788, 792-793 [1998]; *see also People v James*, 11 NY3d 886 [2008]). Defendant's alternative theory as to how the victim might have been robbed is entirely speculative.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

■ ANA MARIA VAZQUEZ et al., Appellants, v GENOVESE DRUG STORES, INC., Respondent. [930 NYS2d 444]—

Plaintiffs allege that Ana Maria Vazquez was injured when she tripped and fell over a raised portion of a rug in the entranceway of defendant's drugstore. At her deposition, she testified that everything looked "normal," and that she did not see the raised portion until she looked at the rug after her fall.

On summary judgment, defendant demonstrated prima facie entitlement to judgment as a matter of law by showing that it neither created nor had actual notice of any hazardous condition concerning the rug or its placement or that the alleged